Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI[1]

| | | |
|---|---|---|
| UNIVERSAL FITNEES EQUIPMENT, INC.<br><br>Demandante Peticionaria<br><br>v.<br><br>KATIALIZ MEJÍAS KERCADO Y OTROS<br><br>Demandada Recurrida | KLCE202400660 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: TA2022CV01246 (Salón 501)<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece Universal Fitness Equipment, Inc. (Universal o peticionaria) mediante un recurso de *certiotari* para solicitar la revisión de la *Resolución* emitida el 23 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (foro primario). En el referido dictamen, el foro primario declaró sin lugar la *Solicitud de Sentencia Sumaria Parcial* presentada por Universal por entender que estaba imposibilitado de disponer del pelito por la vía sumaria toda vez que existe controversia sobre hechos medulares del caso. Adelantamos que, por los fundamentos que expondremos a continuación, denegamos la expedición del auto solicitado.

---

[1] Debido a que la Hon. Maritere Brignoni Mártir se encuentra fuera del Tribunal por causas justificadas, de conformidad con la OATA-2024-075 se modificó la integración del Panel.

Número Identificador

RES2024 _____

Según surge del expediente, la peticionaria presentó demanda sobre incumplimiento de contrato y cobro de dinero contra Mejías Fitness, Inc. y la Sra. Kathializ Mejías (Sra. Mejías o recurrida), en su carácter personal y como única accionista de Mejías Fitness, Inc. (en conjunto, recurridas). En esta alegaron que las recurridas otorgaron un contrato de compraventa de equipos de gimnasio por la cantidad de $200,000, en el cual estipularon que las recurridas tenían un plazo de doce meses dentro del cual saldarían la cantidad adeudada con un préstamo del Banco de Desarrollo Económico. Sin embargo, debido a que no lograron obtener el financiamiento, entiende la peticionaria que la deuda continúa vigente, y al ser esta una deuda vencida, líquida y exigible, solicitó que se declarase a la Sra. Mejías deudora solidaria junto a Mejías Fitness, Inc. y se ordenara a ambas el cumplimiento específico, más daños, o en la alternativa, que se ordenara la resolución del contrato y la devolución de los equipos. Por otro lado, en la contestación a la demanda la recurrida argumentó que el contrato de compraventa no estaba vigente pues no se obtuvo el préstamo. Además, añadió que la peticionaria ratificó tácitamente un segundo contrato que la Sra. Mejías rechazó firmar, y en consecuencia, novó el contrato original, cuando aceptó pagos parciales de $1,5000 mensuales según estipulaba el borrador, los cuales ascienden a $48,000.

Luego de varios trámites procesales, la peticionaria presentó ante el foro primario una *Solicitud de Sentencia Sumaria Parcial* en la cual adujo que no hay controversias de hechos ya que el contrato sí está vigente pues se estipuló que entraría en efecto el día de su firma, y que surge del contrato que la Sra. Mejías compareció por sí y en representación de Mejias Fitness, Inc. Añadió que, no hubo una

novación ni aceptación tácita toda vez que el acuerdo posterior al cual aluden las recurridas fue un contrato escrito —solicitado por las mismas recurridas con el propósito de enmendar el contrato original— que luego rechazaron firmar. Por tanto, solicitó que ante ausencia de controversia: 1) se declarase la resolución del contrato de compraventa, y en consecuencia la devolución de las prestaciones, junto con el pago de los daños a determinarse posteriormente, y 2) se determine que la Sra. Mejías responde en su carácter personal por los daños, pues figuró en el contrato como parte.

En respuesta, el foro primario hizo veintitrés determinaciones de hechos y concluyó que, a pesar de la existencia de un contrato que obligaba a la recurrida asegurar financiamiento, dicho acuerdo no proveyó para la eventualidad de un incumplimiento con la condición suspensiva. En vista de ello, se cuestionó si, por las circunstancias de hechos circundantes en efecto hubo una novación como resultado de los pagos parciales realizados por la recurrida o si el contrato concluyó debido al precitado incumplimiento. También señaló como interrogativas fácticas el estatus del equipo, si este fue removido y la cantidad que persiste adeudada. Ante esto, dicho foro determinó que existían hechos en controversia que impiden disponer del pleito mediante sentencia sumaria y consecuentemente declaró sin lugar la solicitud.

Inconforme con el dictamen del foro primario, recurre ante nosotros Universal y argumenta que erró el Tribunal de Primera Instancia al fundamentarse en cuestiones de derechos inaplicables y hechos inmateriales para determinar que no existe controversia real y sustancial, cuando lo procedente era declarar con lugar la solicitud de

sentencia sumaria. Esto, porque se evidenció que las partes, incluyendo a la Sra. Mejías, pactaron un contrato de compraventa con efectividad inmediata, haciendo el aseguramiento de financiamiento inmaterial para su exigibilidad, y que posteriormente incurrieron en un incumplimiento con el plazo pactado. La parte, además, señaló que el foro de instancia erró al denegar dictar sentencia ante una supuesta posibilidad de novación modificativa, ya que no es una controversia genuina que impida dictar sentencia debido a que ambas partes reconocieron la existencia de la deuda. Adicionalmente, arguyó que en el caso de autos no ocurrió una novación pues: 1) Universal no consintió al perfeccionamiento del segundo contrato, 2) como acreedor tiene la potestad de aceptar pagos parciales u otorgar prorrogas sin mediar una modificación de la obligación, y 3) aun aceptando la existencia del segundo contrato, dicho acuerdo ocurrió bajo el Código Civil de 2020, el cual no reconoce la novación modificativa sino la extintiva.

En lo atinente al auto de *certiorari*, es sabido que es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos de conformidad a los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del

Tribunal de Primera Instancia. *Zorniak v. Cessna*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Por su parte, el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase *Const. José Carro v. Mun. Dorado*, 186 DPR 113 (2012). Así, la Regla 36.2, *supra*, permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Véase, también, *Torres Pagán v. Municipio Autónomo de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que su peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*. Véase también *Ramos Pérez v. Univisión,* 178 DPR 200 (2010).

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de *Procedimiento Civil*, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, determinar si el

Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Luego de una examinación *de novo* del expediente, resolvemos que la determinación del foro primario de denegar la solicitud de sentencia sumaria en función de la existencia de controversias sustanciales de hechos no fue irrazonable, parcial o discrecionalmente excesiva. Es decir, no resulta irrazonable que el Tribunal de Primera Instancia considerara que la adjudicación de las controversias del caso, particularmente en cuanto a la realización de actos conducentes a la concreción de una novación, junto a la suerte de los equipos involucrados, exigieran que se tramitara la prueba en un juicio en su fondo. En este aspecto, no advertimos que se articule un argumento sustancial que nos lleve a concluir que el foro recurrido desbordó el ámbito de su discreción o incurrió en error manifiesto. En vista de ello, y a la luz del derecho aplicable, denegamos el auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones